UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CAROLINE CORT,

                Plaintiff,

       -against-

MARSHALLS DEPARTMENT STORE, et al.

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-7385 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Caroline Cort brings this diversity action against Marshalls Department Store ("Marshalls" or "Defendant"[1]) for injuries that she incurred when she was attacked in a Marshalls location in Brooklyn. Before the court is Defendant's motion for summary judgment. (Def. Mot. for Summ. J. (Dkt. 36).) For the reasons that follow, the court GRANTS Defendant's motion.

I.    **BACKGROUND**

This case arises from a "feud" between two teenagers that culminated in a brawl in a Brooklyn department store.[2] On December 19, 2013, Plaintiff and her sister visited the Marshalls store in the Gateway Center in Brooklyn. (Pl. Opp'n to Def. Statement of Material Facts ("Pl. R. 56.1 Counterstatement") (Dkt. 36-18) ¶¶ 1-2; Tr. of Pl. Dep., Part 1 of 2 ("Pl. Dep.

---

[1] Although Plaintiff's Amended Complaint also names three unknown Marshalls employees—UNKNOWN Marshall's MANAGER A; MANAGER B; UNKNOWN SECURITY PERSONNEL B"—as defendants, Plaintiff has not identified these individuals or served process on them within 90 days of the filing of the Amended Complaint, as Rule 4(m) of the Federal Rules of Civil Procedure requires. Those defendants are therefore dismissed.

[2] The following factual background is largely taken from Plaintiff's account of the incident. (See Tr. of Pl. Dep., Part 1 of 2 ("Pl. Dep. I") (Dkt. 36-8).)

1

I") (Dkt. 36-8) 17:16-21:24.) As the two entered the store, Plaintiff heard a "rowdy" woman, whom Plaintiff believed to be a fellow customer, "[o]n the phone yelling foul language." (Pl. Dep. I 24:17-25.) As Plaintiff began shopping with her sister, she noticed that the woman was following them through the store and watching Plaintiff's sister. (Id. 28:19-30:4.) Plaintiff's sister recognized the woman as a Marshalls employee, Tiariyani Frazier,[3] whom she had known several years earlier, apparently because the two had dated the same person. (Id. 30:11, 32:4; Tr. of Pl. Dep., Part 2 of 2 ("Pl. Dep. II") (Dkt. 36-9) 85:16-24.) Soon thereafter, Plaintiff claims, Frazier donned a hooded sweatshirt and accosted Plaintiff and her sister, "popp[ing] out of the clothes" in the women's section of the store, taking out her earrings, and threatening to fight Plaintiff and her sister. (Pl. Dep. I 32:21-38:10.) At some point during this initial confrontation, Frazier "slightly" hit Plaintiff's sister in the head with the sleeve of her sweatshirt or jacket. (Pl. R. 56.1 Counterstatement ¶ 12 (citing Statement of O.E. (Dkt. 36-25)).)

Plaintiff and her sister moved to the check-out area at the front of the store, where they complained to a cashier about Frazier's behavior and asked to speak with the store manager. (Id. 45:20-47:3.) Eventually, manager Icilda Solomon arrived, sent Frazier to an employee break room in the back of the store, and asked Plaintiff and her sister to provide a written statement describing the incident.[4] (Id. 49:10-50:19.) As Plaintiff and her sister waited by the cash registers, Frazier's aunt and cousin—Malondya Holt and Aliyah Johnson, respectively—entered

---

[3] The parties and witnesses in this case sometimes refer to Frazier as "Tiariyquni" or "Frazer." The court retains the spelling used in its December 29, 2015, Memorandum and Order (Dkt. 16).

[4] Plaintiff's sister's statement suggests that the events preceding the fight were less menacing than Plaintiff recalled in her deposition. Plaintiff's sister stated at the time that she "saw [Frazier] today she was following behind me starting with me doing little threats so I was passing by she was trying on a jacket I passed by and she slightly hit me on my head with the jacket." (Statement of O.E.) This contemporaneous statement does not, the court notes, substantiate Plaintiff's claims that Frazier threatened to kill her or her sister, that Frazier physically confronted the two, or that Frazier took off her earrings in anticipation of a fight. Of course, on a motion for summary judgment, the court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

2

the store and set upon Plaintiff and her sister, inflicting a beating that left Plaintiff with a concussion, a broken arm, bruising, and a lingering eye problem. (Pl. R. 56.1 Counterstatement ¶¶ 11, 13; Pl. Dep. I 54:21-22, 58:5-73:25; Pl. Dep. II 91:5-10, 93:20-24, 94:17-96:8, 107:25-110:2, 119:16-120:16; Arrest Report (Dkt. 36-27).)

On December 18, 2014, Plaintiff filed suit in this court against Defendant, Frazier, Holt, Johnson, and unidentified Marshalls employees, asserting claims for assault, battery, negligent hiring and retention, negligent supervision and training, and negligent infliction of emotional distress. (Compl. (Dkt. 1).) Plaintiff voluntarily withdrew her claims against all individual defendants in order to satisfy complete diversity of citizenship.[5] See 28 U.S.C. § 1332(a). Defendant thereafter moved to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss (Dkt. 13); Mem. in Supp. of Mot. to Dismiss ("Def. Mem.") (Dkt. 13-5).[6]) On December 29, 2015, the court granted Defendant's motion to dismiss without prejudice on the grounds that Plaintiff failed to allege adequately that (1) Frazier was acting within the scope of her employment when she allegedly solicited her relatives to attack Plaintiff and her sister, as is required for Defendant to be liable under a theory of respondeat superior (Dec. 19, 2015, Mem. & Order ("M&O") (Dkt. 16) at 3-6); (2) Defendant's store managers and security guards were acting within the scope of their employment when they committed any allegedly negligent acts (id. at 7-8); (3) Defendant knew or should have known that a customer might be assaulted in the store (id. at 8-9); and (4) Defendant knew or should have known of Frazier's propensity to commit or solicit assault (id. at 9-10). The court also

---

[5] "Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under [Federal Rule of Civil Procedure] 19(b)." CP Solutions PTE, Ltd. v. Gen. Elec. Co., 553 F.3d 156, 159 (2d Cir. 2009) (per curiam) (citations omitted).

[6] The court notes that this memorandum largely addresses issues—whether Defendant can be held liable under a theory of respondeat superior for Frazier's actions and whether Plaintiff has made out a claim for negligent infliction of emotional distress—that do not appear to be raised by Plaintiff's Amended Complaint. (Def. Mem. at 1-3, 5-6.)

3

concluded that the Complaint failed adequately to allege intentional or negligent infliction of emotional distress. (Id. at 11-13).

On January 11, 2016, Plaintiff filed her Amended Complaint. (Am. Compl. (Dkt. 17).) The Amended Complaint now only names as defendants Marshalls and three unidentified Marshalls employees, and asserts three claims. First, Plaintiff claims that Defendant acted negligently by failing to protect her (for example, by failing to employ a security guard on the premises), despite knowing that Frazier posed a threat to her and her sister. (Id. ¶¶ 18-24.) Second, Plaintiff contends that Defendant is vicariously liable for the alleged negligence of its employees, who failed to prevent the attack. (Id. ¶¶ 26-36.) Third, Plaintiff asserts that Defendant was negligent in hiring Frazier and allowing her to remain on the store premises after Plaintiff and her sister reported that Frazier had threatened and harassed them. (Id. ¶¶ 39-57.) Following the completion of discovery, Defendant moved for summary judgment on all three of Plaintiff's claims. (Def. Mot. for Summ. J.)

## II. LEGAL STANDARD

A party is entitled to summary judgment if she "shows that there is no genuine dispute as to any material fact and [she] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing that no genuine dispute of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court must "constru[e] the evidence in the light most favorable to the nonmoving party," Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004), "resolv[ing] all ambiguities and draw[ing] all reasonable factual inferences in favor of the party against whom summary judgment [is] sought," Johnson v. Perry,

4

859 F.3d 156, 169 (2d Cir. 2017). To defeat a motion for summary judgment, the nonmoving party must, however, offer more than a "scintilla of evidence," Anderson, 477 U.S. at 252, or "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or rely on "the allegations in [its] pleading[,] . . . conclusory statements, or . . . mere assertions that affidavits supporting the motion are not credible," Gottlieb v. Cty. of Orange, 84 F.3d 511, 518 (2d Cir. 1996).

## III. DISCUSSION

The court is not unsympathetic to Plaintiff's position: she was suddenly attacked in Defendant's store, apparently at the behest of Defendant's employee. Plaintiff has not, however, proffered evidence sufficient to demonstrating the existence of a genuine dispute of material fact as to whether she should be able to recover from Defendant for injuries she suffered during the attack. To the extent she argues that Defendant or its employees acted negligently in failing to prevent the assault, her claims fail because she has not produced evidence suggesting that the attack was reasonably foreseeable. Likewise, to the extent that she contends that Defendant was negligent in hiring, supervising, or retaining Frazier, that claim also fails because she has not shown that Defendant was aware that Frazier had any propensity for instigating violent assaults on store patrons (or anyone else, for that matter). The court addresses these arguments in turn.

### A. Negligent Failure to Prevent a Third Party's Attack

Plaintiff contends that Defendant is liable under two theories for failing to prevent Holt and Johnson from attacking her. First, she argues that Defendant is directly liable for failing to prevent the attack. (Am. Compl. ¶¶ 18-23; Pl. Mem. in Opp'n to Mot. for Summ. J. ("Pl. Mem.") (Dkt. 35) at 1-5.) Second, she asserts that Defendant is vicariously liable, under a theory of respondeat superior, for its employees' alleged negligence for failing to prevent the attack. (Am. Compl. ¶¶ 26-36; Pl. Mem. at 2-6.) Neither theory is availing, however, because Plaintiff

5

has not shown that the attack was reasonably foreseeable and thus that Defendant or its employees had a duty to protect her from it.

1. Legal Standard

"Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002). With respect to the first element, "landlords and permittees have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties." Maheshwari v. City of New York, 810 N.E.2d 894, 897 (N.Y. 2004). Public establishments are not, however, "insurers of a visitor's safety." Id. Instead, such establishments only "have a duty to protect their patrons from reasonably foreseeable harm." (M&O at 8 (emphasis added) (citing Hegarty v. Tracy, 4 N.Y.S.3d 254, 255 (N.Y. App. Div. 2015)).) Thus, as the court previously explained, "an owner has no duty to protect patrons from unforeseeable assaults." (Id. (citing Hegarty, 4 N.Y.S.3d at 255).) "However, if the situation was one that could have been anticipated or prevented, a defendant may be held liable for attacks that occurred on its premises." (Id. (citing Jones v. Great Am. Grocery Store, 651 N.Y.S.2d 773, 773 (N.Y. App. Div. 1996); Banayan v. F.W. Woolworth Co., 622 N.Y.S.2d 24, 25 (N.Y. App. Div. 1995)).)

To raise a genuine issue of material fact as to whether a third party's criminal act was "reasonably foreseeable," a plaintiff may present "[e]vidence of prior criminal acts sufficiently similar to the instant act." Gray v. Denny's Corp., 535 F. App'x 14, 15 (2d Cir. 2013) (summary order); Maria T. v. N.Y. Holding Co. Assocs., 862 N.Y.S.2d 16, 17-18 (N.Y. App. Div. 2008); Martinez v. Nat'l Amusements, Inc., 855 N.Y.S.2d 82, 83 (N.Y. App. Div. 2008); Michelle K. v. Stonehurst III Assocs., 854 N.Y.S.2d 753, 753-54 (N.Y. App. Div. 2008). (See also, e.g., M&O at 8-9 (collecting cases).) To establish that a criminal act was reasonably foreseeable, a plaintiff

must proffer evidence of "the same or similar criminal activity at a location sufficiently proximate to the subject location." Novikova v. Greenbriar Owners Corp., 694 N.Y.S.2d 445, 448 (N.Y. App. Div. 1999); cf. Johnson v. City of New York, 777 N.Y.S.2d 135, 136-37 (N.Y. App. Div. 2004) (evidence of prior domestic dispute in building and general neighborhood crime insufficient to render sexual assault reasonably foreseeable). The plaintiff need not, however, show that exactly the same crime had taken place previously, or that a similar crime had taken place in exactly the same location as the act on which the plaintiff's suit is based. See, e.g., Williams v. Utica Coll. of Syracuse Univ., 453 F.3d 112, 117-18 (2d Cir. 2006); Jacqueline S. by Ludovina S. v. City of New York, 614 N.E.2d 723, 725-26 (N.Y. 1993). Supposition that it was conceivable that a crime could be committed is insufficient to show that the crime was reasonably foreseeable. See Williams v. Citibank, N.A., 677 N.Y.S.2d 318, 321 (N.Y. App. Div. 1998).

Under New York law, the question of whether a third party's criminal act was reasonably foreseeable is a question of both law and fact. Because a landlord or permittee only has a duty to protect persons on its property from third parties' criminal acts if those acts are reasonably foreseeable, see, e.g., Maheshwari, 810 N.E.2d at 897, a plaintiff must produce evidence of prior criminal acts in order to establish that defendant had a duty to protect him or her from similar acts, see Pink v. Rome Youth Hockey Ass'n, 63 N.E.3d 1148, 1150-51 (N.Y. 2016). Under New York law, "[t]he existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts." Sanchez v. State of New York, 784 N.E.2d 675, 678 (N.Y. 2002). Only when the plaintiff has adduced evidence of prior criminal acts should the question of foreseeability be submitted to the jury. See Palka v. Servicemaster Mgmt. Servs. Corp., 634 N.E.2d 189, 192 (N.Y. 1994) ("Unlike foreseeability and causation, which are issues

7

generally and more suitably entrusted to fact finder adjudication, the definition of the existence and scope of an alleged tortfeasor's duty is usually a legal, policy-laden declaration reserved for Judges to make prior to submitting anything to fact-finding or jury consideration."); cf. Williams, 453 F.3d at 117 (evidence of several prior incidents was "enough to make the issue of whether the attack . . . was foreseeable at least a jury question").[7]

2. Analysis

Plaintiff has not produced evidence that the attack against her was reasonably foreseeable. In particular, she has not shown that anyone was ever attacked in the Marshalls location in question or the immediately surrounding area, or that any Marshalls employees had ever solicited attacks on store patrons in the past. (Def. R. 56.1 Statement (Dkt. 36-15) ¶¶ 23-26, 42-43; Pl. R. 56.1 Counterstatement ¶¶ 23-26, 42-43.) Instead, Plaintiff has only shown that numerous incidents of shoplifting have taken place at the store. (Def. R. 56.1 Statement ¶¶ 24, 42-43; Pl. R. 56.1 Counterstatement ¶¶ 23-26, 42-43.) Evidence of minor property crimes, however, is insufficient as a matter of law to establish that it was foreseeable that store patrons would be violently attacked by third parties, and thus that Defendant's duties to Plaintiff extended to protecting her from such attacks. See, e.g., Maheshwari, 810 N.E.2d at 897-98 (past incidents of disorderly conduct, misdemeanor assault, criminal mischief, resisting arrest, and possession of stolen property did not render a "brutal" and unprovoked assault foreseeable); Michelle K., 854 N.Y.S.2d at 754 (past incidents, "including nonviolent offenses on the property such as a 'peeping Tom,' trespassers, and other nonspecified incidents requiring police

---

[7] The New York Court of Appeals has not yet provided clear guidance as to when the question of whether a third party's criminal act is reasonably foreseeable is one of law versus one of fact. See, e.g., Pink, 63 N.E.3d at 1150-51. This court need not discern a precise answer, as, in the absence of any evidence of prior similar acts, Plaintiff has neither shown that Defendant owed her a duty to protect her from third-party attacks nor created a triable issue about whether the attack was foreseeable.

intervention, were not sufficiently similar to [the violent sexual assault at issue] to raise a triable issue of fact regarding its foreseeability").

Lacking evidence of prior similar incidents, Plaintiff contends that her assault was reasonably foreseeable in light of Frazier's conduct immediately preceding the assault. (Am. Compl. ¶¶ 21-22, 27, 30-31, 35; Pl. Mem. at 3.) One line of New York cases has held that a plaintiff may establish foreseeability through evidence of "escalating hostilities that might . . . have served to put [a defendant's] personnel on notice of a possible skirmish." O'Connor v. Syracuse Univ., 887 N.Y.S.2d 353, 355 (N.Y. App. Div. 2009) (citing Ash v. Fern, 744 N.Y.S.2d 559 (N.Y. App. Div. 2002)). According to Plaintiff, Defendant's employees were aware that Frazier was harassing her sister and her, and so should have known that there was some risk of violence. (Am. Compl. ¶¶ 19-23.) Even assuming that Frazier's alleged belligerence preceding the attack sufficed to apprise Defendant's employees that Frazier might attack Plaintiff and her sister, however, the court cannot say that those employees should have anticipated that Frazier would enlist her aunt and cousin, who would come to the store and suddenly carry out such an attack. To the extent that Plaintiff maintains that Defendant is liable because its store employees (none of whom were security guards), should have called police more quickly or personally intervened to break up the fight (Pl. Mem. at 2, 4-5), Plaintiff has not established that those employees owed her a special duty to call the police or to come to her rescue, absent evidence of prior similar incidents.[8] See Sugarman v. Equinox Holdings, Inc., 880 N.Y.S.2d 227 (Table), 2008 WL 5264642, at *2, *7-9 (N.Y. Sup. Ct. 2008) (declining to impose a "duty to intervene in a physical altercation between two patrons lawfully on the premises" of the defendant's

---

[8] The court also notes that, although Plaintiff contends that Defendant is liable because "[n]o store employee intervened to stop the assault" (Pl. Mem. at 4), Defendant has produced uncontroverted evidence that Solomon attempted to break up the fight. (Compare Def. R. 56.1 Statement ¶ 41 (citing Waldron Dep. 34:22-24), with Pl. R. 56.1 Counterstatement ¶ 41.)

9

gym), aff'd sub nom. Sugarman v. Equinox Holding, Inc., 901 N.Y.S.2d 615 (N.Y. App. Div. 2010).

Lastly, Plaintiff argues that Defendant should be held liable because its employees failed to take certain actions in response to Frazier's conduct that might have mitigated the risk that Plaintiff would be assaulted. First, she argues that, had Defendant followed its store policy for dealing with disruptive customers, it would have moved her "to a discrete area of the sales floor, away from other [c]ustomers," where, perhaps, it is less likely that Holt and Johnson would have spotted and attacked her. (Pl. Mem. at 3-4 (citing Def. Employee Handbook excerpt (Dkt. 36-31)).) Second, she argues that Defendant's employees should have taken her to speak with district manager Tony Hvizdos and that, because Hvizdos was in the store's "domestics" department at the time, she might not have been assaulted had she spoken with him rather than waiting by the cash registers. (Id. (citing Pl. Timeline of Incident (Dkt. 36-32).) Neither argument is persuasive. First, it is not clear that Defendant's employees' actions deviated in any

respect from the employee handbook.[9] Even if they did, "the violation of an organization's internal rules is not negligence in and of itself, and where an internal policy exceeds the standard of ordinary care, it cannot serve as a basis for imposing liability." Pink, 63 N.E.3d at 1151. Most significantly, even assuming for the sake of argument that Defendant's employees did not act with reasonable care by leaving Plaintiff to wait by the cash registers, that action could not give rise to a negligence claim, because those employees had no duty to protect Plaintiff from the unforeseeable attack. Cf. Coronel v. Chase Manhattan Bank, 798 N.Y.S.2d 41, 42 (N.Y. App. Div. 2005) (where it was unforeseeable that the plaintiff would be shot while using an ATM, evidence that the ATM was poorly lit, in violation of local law, was insufficient to defeat the defendant's motion for summary judgment).

Because Plaintiff has not produced evidence that her assault was reasonably foreseeable, neither Defendant nor its employees had a duty to protect her from that assault. Consequently, it is immaterial "whether the Defendant acted reasonably under the circumstances." (Pl. Mem. at

---

[9] The employee handbook provides in relevant part as follows:

> Any Customer or Associate incident that could potentially disrupt store business should be treated as follows. If a person seems to have difficulty speaking or hearing, use a pen and paper to communicate.
>
> **Customers**
> - Do not discuss the situation with the Customer on the sales floor. Do not argue.
> - Attempt to convince the Customer to move to a discrete area of the sales floor, away from other Customers, to discuss the situation.
> - If the situation cannot be resolved, direct the customer to your District Manager or Assistant Vice President/Regional Vice President, if applicable.
>
> **Associates**
> - Do not discuss the situation with an Associate on the sales floor. Do not argue.
> - Attempt to convince the Associate to go into the office area to discuss the problem.
> - If the situation cannot be resolved, contact your District Manager or a member of Human Resources.

1.) Defendant cannot be directly or vicariously liable for its or its employees' failure to prevent the assault, and is therefore entitled to summary judgment on Plaintiff's first and second claims.

### B. Negligent Hiring, Retention, and Supervision

Plaintiff next contends that Defendant was negligent in hiring, supervising, and retaining Frazier. (Am. Compl. ¶¶ 38-57.) As the court noted in its M&O, a plaintiff may seek to impose liability on a business for torts committed by its employees outside of the scope of their employment under a theory of negligent hiring, negligent supervision, or negligent retention. (See M&O at 9 (citing Sheila C. v. Povich, 781 N.Y.S.2d 342, 350 (N.Y. App. Div. 2004).) "A claim for negligent supervision or retention arises when an employer places an employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in supervising or retaining the employee." Bouchard v. New York Archdiocese, 719 F. Supp. 2d 255, 261 (S.D.N.Y. 2010) (quoting Vione v. Tewell, 820 N.Y.S.2d 682, 687 (N.Y. Sup. Ct. 2006)). To establish liability under a theory of negligent hiring, supervision, or retention, a plaintiff must establish not only "the standard elements of negligence," but also the following three elements:

> (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels.

Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (citations, alterations, and internal quotation marks omitted).

While there is no dispute that Defendant employed Frazier or that Plaintiff was attacked on Defendant's premises, Plaintiff has not established the existence of a genuine dispute of material fact as to whether Defendant knew or should have known of Frazier's propensity for

12

instigating or soliciting attacks on store patrons. Plaintiff has not presented any evidence that, prior to the incident at issue, Defendant was aware that Frazier was inclined to fight with customers or to summon her relatives to the store to attack her enemies. (Def. R. 56.1 Statement ¶ 15 (citing Pl. Dep. II 130:23-131:16); id. ¶¶ 23-27 (citing Tr. of Icilda Solomon Dep. (Dkt. 36-10) 35:8-37:6); id. ¶¶ 42-44 (citing Tr. of Erin Waldron Dep. ("Waldron Dep.") (Dkt. 36-11) 37:2-38:15).) Plaintiff's unsupported and conclusory allegation that Defendant "knew or should have known of its employee's propensity for the conduct that caused the injury" (Am. Compl. ¶ 55), is, by itself, insufficient to survive summary judgment. See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). While Plaintiff also alleges that she was aware of "one prior incident involving Ms. Fraz[i]er, [which] was a half hour before the vicious attack she suffered," that allegation has no bearing on what Defendant knew and when. (Pl. R. 56.1 Counterstatement ¶ 15.) In the absence of any evidence that Defendant was aware that its employee had a propensity for confronting and instigating attacks on store patrons, Defendant cannot be held liable under a theory of negligent hiring, supervision, or training, and is thus entitled to summary judgment on Plaintiff's third claim.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment (Dkt. 36) is GRANTED. The Clerk of Court is respectfully DIRECTED to enter judgment for Defendant and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
December 15, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge